WILLIAM A. YOUNG, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Young v. Commissioner
Docket No. 11948-79.
United States Tax Court
T.C. Memo 1981-109; 1981 Tax Ct. Memo LEXIS 635; 41 T.C.M. (CCH) 1069; T.C.M. (RIA) 81109; March 9, 1981. *635 In 1977, P received income. He claimed that under a vow of poverty, he had transferred such income to the Life Science Church, and that, as a result, he was exempt from the Federal income tax. Held, P failed to prove that the Life Science Church existed, or that, if it existed, such church was not P's alter ego, or that P donated his income to such church; and therefore, P was not exempt from the Federal income tax. Held, further, P was liable for an addition to tax under sec. 6653(a), I.R.C. 1954, since he failed to show that the underpayment of tax was not due to negligence or to intentional disregard of rules and regulations. William A. Young, pro se. Diane Lynn Fox, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency of $ 10,975.22 in the petitioner's Federal income tax for 1977. He also determined an addition to tax of $ 548.76 under section 6653(a) of the Internal Revenue Code of 1954. The only issues to be decided are whether the petitioner is exempt from the Federal income tax because he executed a document in which he purported to donate *636 his income to a church, and whether the petitioner is liable for the addition to tax under section 6653(a) for negligence or intentional disregard of rules and regulations. FINDINGS OF FACT The petitioner, William A. Young, resided in Elkhart, Ind., when he filed his petition in this case. He filed his Federal income tax return for 1977 with the Internal Revenue Service. On his income tax return, Mr. Young claimed that he had taken a vow of poverty and that, as a result, he was exempt from the Federal income tax. He attached to his return an executed copy of a document in which he purported to make an irrevocable gift of all his property and income to the Life Science Church, The Order of Almighty God 1806. In his notice of deficiency, the Commissioner determined that the petitioner had received gross income of $ 32,359.84 in 1977, that he was liable for Federal income tax on such income, and that he was also liable for an addition to tax under section 6653(a) for negligence or intentional disregard of rules and regulations. OPINION We must decide first whether the petitioner was exempt from the Federal income tax in 1977. In support of his claim that he was exempt, the *637 petitioner relies entirely on his "vow of poverty"--his purported transfer of income to the Life Science Church. In essence, he seeks a charitable contributions deduction equal to the amount of his income. However, the petitioner has the burden of substantiating such deduction (Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering,290 U.S. 111 (1933)), and he has failed to carry his burden. First, he has wholly failed to show that the Life Science Church existed. Except for the document purporting to transfer the petitioner's income, there is no evidence, including testimony, to show that such church existed in any manner. Second, even if an entity named the Life Science Church did exist, the petitioner has not shown that such entity possessed any of the usual indicia of a church, such as a congregation, a building, a creed, or a liturgy. If the church did not possess any of these indicia, it is possible that such church was merely the alter ego of the petitioner; if so, contributions to such church were not deductible. [1] Finally, if the church existed, the petitioner has not shown that he made any actual contributions to it. *638 Under the circumstances, we conclude that the petitioner was taxable on the gross income received by him in 1977. In his notice of deficiency, the Commissioner determined that the petitioner received income of $ 32,359.84 in 1977, and since the petitioner has not shown such determination to be incorrect in any manner, we sustain such determination. The only other issue is whether the petitioner was liable for an addition to tax under section 6653(a). That section provides for an addition to tax when an underpayment of tax is due to negligence or to intentional disregard of rules and regulations. The petitioner has the burden of showing that he is not liable for the addition to tax. Bixby v. Commissioner,58 T.C. 757, 791-792 (1972). Here, the petitioner introduced no evidence to show that he exercised due care in preparing his tax return for 1977 or that he did not intentionally disregard rules and regulations. Without such evidence, we are bound to approve the Commissioner's determination. Decision will be entered for the respondent. Footnotes
1. See Lynch v. Commissioner,T.C. Memo. 1980-464↩.